NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-CV-347-KSF

RAYMOND EMMIT BROWN                                                    PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

ERIC D. WILSON, *et al*.                                         DEFENDANTS

\*\*    \*\*    \*\*    \*\*    \*\*

Plaintiff Raymond Emmit Brown, confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky, has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). R. 2. By separate Order, Brown has been granted permission to proceed *in forma pauperis*.

The Court screens the Complaint pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, Brown's Complaint will be dismissed without prejudice.

**ALLEGATIONS AND CLAIMS**

Brown alleges that the defendants, Eric D. Wilson, Warden of USP-McCreary, and Rhonda Jones, Health Services Administrator of USP-McCreary, were deliberately indifferent

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

to his serious medical needs in violation of the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

Specifically, Brown alleges that he suffers from sickle cell anemia, which he states is a painful and serious medical condition affecting his blood circulation. He claims that the defendants have not only failed to provide him with the proper medication to treat his condition, but have also refused to transfer him to a federal facility where he could receive the necessary treatment. R. 2, pp. 2-6. Brown seeks unspecified damages and a transfer to a BOP medical facility that is equipped to treat sickle cell anemia. *Id*., p. 6.

In an attachment to his Complaint, Brown alleged that on June 4, 2010, he suffered a severe sickle cell anemia attack; was rushed to the local hospital in Somerset, Kentucky; and was told by one of the treating physicians there that in order to prevent future attacks, he needed to be treated with a narcotic, which Brown did not identify. R. 2-1, p. 4. Brown alleged that the defendants refuse to allow the unspecified narcotic to be administered to him. *Id*., pp. 4-5.

In the section of his December 20, 2010, Complaint Form which inquired as to whether any grievances had been filed, Brown responded that he had not completed the Bureau of Prisons ("BOP") administrative remedy process,[2] explaining his failure to do so as follows:

---

[2] The four-tiered administrative remedy scheme available to federal inmates who complain about any aspect of their confinement is set out in its Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff by filing a BP-8, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden.

If the inmate is not satisfied with the Warden's response, then he has 20 days from the date of the Warden's response in which to appeal (BP-230, formerly BP-10) to the Regional Director for
(continued...)

> Plaintiff has filed a BP-8 and BP-9, due to nature of medical issue request is made to proceed. As of 12-3-10 BP-10 filed with no response last 35 days. . . The seriousness of this issue dictates the plaintiff seek immediate relief through the courts. It is contended the prisoner's indiviual [sic] interest outweigh any countervailing institutional interest favoring administrative remedies.

R. 2., pp. 3-4.

In the "Request for Relief" section of the Complaint Form, Brown stated as follows:

> Plaintiff petitions to forego the exhaustion of administrative remedies, with the fact that delays presented by filing of administrative remedies only leads to more unnecessary pain and suffering. . . .

*Id.*, p. 6.

Brown attached copies of his July 20, 2010, BP-9 "Request for Administrative Remedy," R. 2-1, pp. 4-5, and what purports to be an undated BP-10 appeal to the BOP Regional Director, and an undated BP-11 appeal to the BOP Office of General Counsel, *id.*, pp.6 -8. None of these remedy requests bear any date-stamp or other indicia that BOP officials actually received them.

## DISCUSSION

Brown's Complaint asserting Eighth Amendment claims will be dismissed without prejudice because it is clear from his statements that he failed to fully exhaust those claims prior to filing this action. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an

---

[2](...continued)
the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, within 30 days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (BP-231, formerly BP-11). *See* § 542.15 (a) - (b).

3

action with respect to prison conditions under federal law.

The Supreme Court of the United States has twice held that the statute means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id*. at 90.

Brown admits in his Complaint he had not completed the BOP administrative remedy process; that he had not even received a response from the BOP Regional Director; and that he should be allowed to circumvent the remainder of the BOP exhaustion process. Although Brown alleges that he is in imminent danger of bodily harm as a result of the defendants' alleged refusal either to provide him with the unspecified medication he demands or transfer him to another BOP facility, he failed to attach the Warden's response to his BP-9 "Request for Administrative Remedy," which most likely would have shed some light on either the alleged immediacy of Brown's medical claims, or why the Warden may have denied his BP-9 administrative remedy request. Brown instead asks this Court to intervene in the BOP's handling of his health care decisions, waive the exhaustion requirement, and order USP-McCreary officials to provide the medical treatment he demands.

Before a district court "undertakes to override the prerogatives of . . .correctional authorities in the administration of any aspect of prison administration, it must assure itself that no less intrusive means of bringing about compliance with constitutional requisites is available."

4

*Glover v. Johnson*, 855 F.2d 277, 286 (6th Cir. 1988). Courts have rejected prisoner's pleas to be excused from administratively exhausting claims alleging imminent physical danger where emergency relief available under § 542.18 is available. *See Dudley v. Bureau of Prisons*, No. 08-04022, 2009 WL 775535, at *1, n.1 (D. S.D. March 24, 2009); *In re Russell*, No. 06-64, 2006 WL 897235, at *2 (E.D. Ky., April 5, 2009) (denying interferon treatment for prisoner with liver disease where he failed to utilize the emergency measures set forth in § 542.18). At least one other court in this circuit has denied a prisoner's motion for an emergency injunction seeking medications and medical treatment when it was obvious that he had not administratively exhausted his claims. *See Tolliver v. Collins*, No. 2:08-CV-00722, 2010 WL 2640061, at *2 (S.D. Ohio April 29, 2010).

The Supreme Court ruled that if non-exhaustion is clear on the face of the Complaint, a district court may dismiss a prisoner's action upon screening. *Jones v. Bock,* 549 U.S. 199, 215 (2007). This Court, and other district courts in this circuit, have held that in light of *Jones*, *sua sponte* dismissal of a complaint is warranted where failure to exhaust is apparent from the face of the complaint. *See Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010] (dismissing action *sua sponte* where it was clear from face of the complaint that it had been filed prior to prisoner completing the BOP administrative remedy procedure); *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008) (dismissing *sua sponte* where it was clear from face of the complaint that the prisoner had filed an untimely grievance); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC,

5

2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007) (dismissing *sua sponte* prisoner's Complaint alleging the denial of adequate medical treatment under the Eighth Amendment, where he admitted therein that the prison exhaustion process was still pending).

It is patently clear from the face of Brown's Complaint that he short-circuited the BOP's exhaustion process *when he filed the Complaint* on December 20, 2010. As Brown had not exhausted his administrative remedies, his Complaint was and is premature, and will be dismissed without prejudice to Brown filing another Complaint alleging denied medical treatment after he has fully completed the BOP administrative remedy process.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) Raymond Emmit Brown's Complaint, R. 2, is **DISMISSED WITHOUT PREJUDICE.**

(2) This action is **DISMISSED** from the docket of the Court.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This February 16, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**